UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARMANE SMITH,<br><br>   Plaintiff,<br><br> v.<br><br>PHOENIX TECHNOLOGIES LTD.,<br><br>   Defendant.<br>_____/ | No. C-11-1479 EMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR INTRADISTRICT VENUE TRANSFER**<br><br>**(Docket No. 21)** |

  Defendant Phoenix Technologies ("Phoenix") has filed a motion for intradistrict venue transfer to the San Jose Division of this District. Docket No. 21. Defendant argues that this action arises in the San Jose Division and that a transfer would best serve the convenience of the parties and witnesses and the interests of justice.

  Local Rule 3-2(c) provides that "[a] civil action arises in the county in which a substantial part of the events or omissions which give rise to the claim occurred or in which a substantial part of the property that is the subject of the action is situated." In this case, Plaintiff resides in Memphis, TN, and Defendant is based in Milpitas, CA, in the County of Santa Clara, within the district of San Jose pursuant to LR 3-2(e). Plaintiff's complaint alleges that Phoenix's hardware and software contain design defects that left her vulnerable to computer hackers. Since Plaintiff's allegations

///
///
///
///

United States District Court
For the Northern District of California

1 concern technology Defendant makes in Milpitas, Mot. at 4, it would appear that her claims arose in
2 the San Jose Division and should have been assigned there in the first instance.[1]

3     In the event that an action is assigned to the wrong division or a party desires to move an
4 action, Rule 3-2(h) and 28 U.S.C. § 1404(a) allow for transfer of an action if it serves the interests of
5 justice and the convenience of the parties and witnesses. Defendant argues that while San Francisco
6 has no apparent connection to any of the evidence or parties, Defendant's principal place of business
7 is in the San Jose Division, along with its necessary witnesses and evidence. Litigating in San
8 Francisco would simply add to Defendant's costs of litigation. Similar factors have been sufficient
9 for intradistrict venue transfer in other cases, especially where the transfer would have no apparent
10 effect on a nonresident plaintiff as in this case. *See, e.g.*, *Rivera v. Hewlett Packard Corp.*, No. C
11 03-0939, 2003 WL 24029472, at *1 (N.D. Cal. Apr. 22, 2003) (transferring action from San
12 Francisco to San Jose because witnesses and evidence were located there, and there was no
13 inconvenience to the plaintiff); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843
14 (9th Cir. 1986) ("[F]actors include the "relative ease of access to sources of proof; availability of
15 compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing,
16 witnesses; possibility of view of premises, if view would be appropriate to the action; and all other
17 practical problems that make trial of a case easy, expeditious and inexpensive.").

18     Moreover, in this case, Plaintiff has filed no opposition to the motion, which could be
19 construed as consent to granting the motion. *See Wiley v. Macy's*, No. C 10-1188, 2010 WL
20 2636029, at *1 (N.D. Cal. June 30, 2010) ("The failure to file an opposition to a motion to dismiss in
21 a manner consistent with the Court's rules is grounds for granting the motion.") (citing *Ghazali v.*
22 *Moran*, 46 F.3d 52, 54 (9th Cir.1995)). Even without lending any weight to Plaintiff's failure to file
23 an opposition, however, the Court cannot discern any factors weighing against Defendant's motion.

24     Accordingly, having considered the parties' submissions, the Court deems the matter suitable
25 for decision on the papers and hereby orders as follows:

---

[1] This action does not fit into any of the categories under LR 3-2(c) for district-wide assignment. *See, e.g.*, *Baltazar v. Apple Inc.*, No. 10-3231 JSW, 2010 WL 4392740, at *1 (N.D. Cal. Oct. 29, 2010) (transferring action against Apple to San Jose where complaint alleged breach of warranty, false advertising, and defects such as overheating of an iPad).

1  Pursuant to Civil Local Rule 3-2(h) and 28 U.S.C. § 1404(a), the Court orders that this action
2  be transferred from this Division of the Northern District of California to the San Jose Division. The
3  case arises in the San Jose Division and a transfer will best serve the interests of justice and the
4  convenience of the parties and witnesses.

5  This disposes of Docket No. 21.

7  IT IS SO ORDERED.

9  Dated: August 24, 2011

_____
EDWARD M. CHEN
United States District Judge