1

2

3

4

5

6

7

8

9

10

**United States District Court**
For the Northern District of California

11

12

13

14

15

16

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| CHARMANE SMITH, | ) | Case No.: 11-CV-01479-LHK |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING DEFENDANT'S |
| v. | ) | MOTION TO DISMISS, AND DENYING |
| | ) | DEFENDANT'S MOTION TO |
| PHOENIX TECHNOLOGIES LTD., | ) | DECLARE PLAINTIFF A VEXATIOUS |
| | ) | LITIGANT |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

17

18

19

20

21

22

23

24

25

26

27

28

On March 25, 2011, Plaintiff Charmane Smith ("Smith") filed *in forma pauperis* a civil complaint and demand for jury trial against Defendant Phoenix Technologies, Ltd. ("Phoenix Technologies"), seeking $2.8 billion in damages on a theory of strict products liability. *See* ECF No. 1. Defendant moves to dismiss with prejudice for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), respectively, and to dismiss the Complaint as frivolous or malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). *See* ECF No. 42. In addition, Defendant moves to declare Plaintiff a "vexatious litigant" and seeks a pre-filing order directing the Clerk not to accept further filings from Plaintiff absent written authorization from the Judge of the Court. *See* ECF No. 43. The Court held a hearing on Defendant's motions on November 8, 2011, at which Plaintiff failed to appear. Having considered the parties' submissions and arguments and the

1

Case No.: 11-CV-01479-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, AND DENYING DEFENDANT'S MOTION TO
DECLARE PLAINTIFF A VEXATIOUS LITIGANT

1    relevant law, the Court GRANTS Defendant's motion to dismiss the Complaint for lack of subject

2    matter jurisdiction, failure to state a claim, and as frivolous, without leave to amend.  However, the

3    Court DENIES Defendant's motion to declare Plaintiff a vexatious litigant and declines to issue a

4    pre-filing injunction.

5    **I.    BACKGROUND AND PROCEDURAL HISTORY**

6         Plaintiff filed her Complaint on March 25, 2011, alleging that security design defects in

7    Defendant's hardware and software "allowed theft of data, money, services, and U.S. mail by

8    computer hackers who used Phoenix Technologies products to control and redirect [her]

9    computer," resulting in the following damages: "damaged appliances, computers, bank account

10   thefts/closures, loss of expected benefit for sale items, loss of potential income from businuss [sic],

11   wasted phone + internet services, damaged credit rating, damaged televisions, loss of

12   $40,000,000.00 business loan, etc." Compl. ¶¶ 3-5.  Plaintiff seeks damages in the amount of $2.8

13   billion plus costs and fees. *Id.* at ¶ 3.

14        Also on March 25, 2011, Plaintiff filed an application to proceed *in forma pauperis*, which

15   was granted by Judge Edward Chen. *See* ECF Nos. 2, 6.  On August 24, 2011, following

16   Defendant's motion for an intradistrict venue transfer, *see* ECF No. 21, the present action was re-

17   assigned to this Court in the San Jose Division, *see* ECF Nos. 38 and 41.  Defendant claims that,

18   after reviewing the Complaint, it attempted on numerous occasions to speak with Plaintiff

19   regarding her claims, to no avail. *See*, *e.g.*, ECF No. 46-1 at ¶¶ 3-5.

20        On August 29, 2011, Defendant filed a motion to dismiss and a motion to declare Plaintiff a

21   vexatious litigant, requesting that the Court issue a pre-filing order enjoining Plaintiff from filing

22   future complaints without first seeking leave of the court. *See* ECF Nos. 42, 43.  Pursuant to Civil

23   Local Rule 7-3(a), Plaintiff's opposition to these motions was due on September 15, 2011.

24   Plaintiff failed to file an opposition or statement of nonopposition to either of Defendant's motions.

25   Plaintiff also failed to appear at the hearing on these motions held on November 7, 2011.

26   **II.    LEGAL STANDARDS AND ANALYSIS**

27        **A.  Motion to Dismiss**

28

2

Case No.: 11-CV-01479-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, AND DENYING DEFENDANT'S MOTION TO
DECLARE PLAINTIFF A VEXATIOUS LITIGANT

*United States District Court*
For the Northern District of California

1          Defendant moves to dismiss Plaintiff's action on grounds that (1) the Court lacks subject

2     matter jurisdiction; (2) Plaintiff fails to state a claim upon which relief can be granted; and (3)

3     Plaintiff's action is frivolous.  *See* ECF No. 42.  The Court addresses each argument in turn.

### 1. Lack of Subject Matter Jurisdiction

#### a.  Legal Standard

6          Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss an action

7     for lack of subject matter jurisdiction.  Regardless of whether the defense is raised, federal courts

8     have an independent obligation to determine federal subject matter jurisdiction before proceeding

9     to the merits of a case.  *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577, 583 (1999).  The

10    party seeking to invoke a federal court's jurisdiction bears the burden of establishing subject matter

11    jurisdiction, which is not presumed.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377

12    (1994).[1]  "The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28

13    U.S.C. §§ 1331 and 1332."  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006).

#### b.  Analysis

15         Defendant asserts that the Court lacks subject matter jurisdiction under § 1331 because

16    Plaintiff alleges no federal question and lacks jurisdiction under § 1332 because Plaintiff fails to

17    allege sufficient facts to establish diversity jurisdiction.  *See* Def.'s Mot. to Dismiss at 4-5.

18         Under § 1331, a federal court has federal question jurisdiction in "all civil actions arising

19    under the Constitution, laws or treaties of the United States."  28 U.S.C. § 1331.  In the instant

20    case, Plaintiff brings only a state law products liability action against Defendant, and no federal

21    question is presented on the face of the complaint.  *See Rivet v. Regions Bank*, 522 U.S. 470, 475

22    (1998).  Because Plaintiff alleges no federal question, the Court does not have federal question

---

[1] "When considering a motion to dismiss pursuant to Rule 12(b)(1) the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction."  *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) (citing *Land v. Dollar,* 330 U.S. 731, 735 n.4 (1947) ("[W]hen a question of the District Court's jurisdiction is raised . . . the court may inquire by affidavits or otherwise, into the facts as they exist.")).

3

Case No.: 11-CV-01479-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, AND DENYING DEFENDANT'S MOTION TO
DECLARE PLAINTIFF A VEXATIOUS LITIGANT

1    jurisdiction over this state law products liability action.  *See Grable & Sons Metal Prods., Inc. v.*

2    *Darue Eng'g Mfg.*, 454 U.S. 308, 312 (2005).

3           Under § 1332, a federal court has diversity jurisdiction "where the matter in controversy

4    exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of

5    different States."  28 U.S.C. § 1332(a).  Furthermore, in a diversity action, "the plaintiff must state

6    all parties' citizenships such that the existence of complete diversity can be confirmed."  *Kanter v.*

7    *Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  In the instant action, the Court is unable

8    to infer diversity jurisdiction for two reasons: (1) Plaintiff does not allege her State citizenship; and

9    (2) Plaintiff's request for damages in the amount of $2.8 billion is "not made in good faith."  *See*

10   *Smith v. Visa U.S.A., Inc.*, No. C11-01634, 2011 WL 2709819, at *2 n.1 (N.D. Cal. July 12, 2011)

11   (Illston, J.) (noting, in a nearly identical complaint to the instant case, that Smith's request for

12   damages in the amount of $2.8 billion is "clearly not made in good faith" and causes the court to

13   have "serious reservations" as to whether Smith satisfied the amount in controversy requirement of

14   § 1332); *Smith v. Adaptec*, "Order to Show Cause," No. C11-1481 (N.D. Cal. July 29, 2011)

15   (Armstrong, J.) (ordering, in an action containing identical jurisdictional allegations, that Smith

16   show cause why the case should not be dismissed for lack of diversity jurisdiction in light of

17   Smith's failure to allege her State of citizenship).

18          Plaintiff has failed to meet her burden of establishing subject matter jurisdiction, and

19   therefore the Court must dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(1).

20                    **2.  Failure to State a Claim Upon Which Relief May Be Granted**

21                                    **a.  Legal Standard**

22          Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if

23   it fails to state a claim upon which relief can be granted.  "To survive a motion to dismiss, a

24   complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

25   plausible on its face."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks

26   omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The complaint need not

27   contain detailed factual allegations, but the plaintiff must "provide the 'grounds' of his

28

4

Case No.: 11-CV-01479-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, AND DENYING DEFENDANT'S MOTION TO
DECLARE PLAINTIFF A VEXATIOUS LITIGANT

*United States District Court*
For the Northern District of California

1    'entitle[ment]' to relief," which "requires more than labels and conclusions," and merely "a

2    formulaic recitation of the elements of a cause of action" is insufficient.  *Iqbal*, 129 S. Ct. at 1949;

3    *see also Twombly*, 550 U.S. at 555.

**b.  Analysis**

5    Defendant seeks to dismiss Plaintiff's action pursuant to Federal Rule of Civil Procedure

6    12(b)(6) on the ground that Plaintiff has failed to sufficiently allege the elements of a tort liability

7    claim.  In California, "[a] manufacturer is strictly liable in tort when an article he places on the

8    market, knowing that it is to be used without inspection for defects, proves to have a defect that

9    causes injury to a human being."  *Vandermark v. Ford Motor Co.*, 61 Cal. 2d 256, 260-61 (1964).

10   "[A]ppreciable, nonspeculative, present injury is an essential element of a tort cause of action."

11   *Jimenez v. Superior Court*, 29 Cal. 4th 473, 483 (2002) (citations omitted).  In a strict products

12   liability case, damages are not available for economic loss, which includes "damages for

13   inadequate value, costs of repair and replacement of the defective product or consequent loss of

14   profits—without any claim of personal injury or damages to other property."  *Id.* at 482-83

15   (internal quotation marks and citation omitted).

16   Most of Plaintiff's allegations of harm are couched as allegations of economic loss, which

17   are not compensable under a theory of products liability.  *See* ECF No. 1 at 2 (alleging, among

18   other things, loss of expected benefit for sale items, loss of potential income from business, wasted

19   phone and internet services, and loss of a $40,000,000.00 business loan).  Plaintiff also alleges non-

20   economic harm in the form of "damaged appliances" and "damaged televisions," *id*, but Plaintiff

21   does not identify whether the damaged appliances and damaged televisions are Defendant's

22   products, or even whether she has ever owned or used any of Defendant's products.  Without a

23   claim for non-economic damages, Plaintiff fails to establish "appreciable, nonspeculative, present

24   injury," which is an essential element of any tort action under California law.  *See Jimenez*, 29 Cal.

25   4th at 483.

26   Plaintiff's complaint suffers generally from a lack of factual support.  While a complaint

27   need not contain detailed factual allegations, the plaintiff must "provide the 'grounds' of his

28

5

Case No.: 11-CV-01479-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, AND DENYING DEFENDANT'S MOTION TO
DECLARE PLAINTIFF A VEXATIOUS LITIGANT

**United States District Court**
For the Northern District of California

1    'entitle[ment]' to relief," which "requires more than labels and conclusions," and merely "a

2    formulaic recitation of the elements of a cause of action" in insufficient.  *Iqbal*, 129 S. Ct. at 1949;

3    *see also Twombly*, 550 U.S. at 555.  Accordingly, dismissal is also warranted under Rule 12(b)(6)

4    for failure to state a claim upon which relief can be granted.

5                            **3. Frivolous *In Forma Pauperis* Action**

6                                    **a.   Legal Standard**

7            The Court must dismiss an *in forma pauperis* action if the Court finds that the action "fails

8    to state a claim on which relief may be granted" (comparable to the Fed. R. Civ. P. 12(b)(6)

9    standard) or that the action "is frivolous or malicious."  28 U.S.C. § 1915(e)(2)(B) (2006); *see*

10   *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  As the United States Supreme Court has explained,

11   "[the *in forma pauperis* statute] is designed largely to discourage the filing of, and waste of judicial

12   and private resources upon, baseless lawsuits that paying litigants generally do not initiate because

13   of the costs of bringing suit."  *Neitzke*, 490 U.S. at 327-28.  A complaint, containing as it does both

14   factual allegations and legal conclusions, is "frivolous" where it lacks an arguable basis either in

15   law or in fact.  *Neitzke*, 490 U.S. at 325 (definition of "frivolous . . . embraces not only the arguable

16   legal conclusion, but also the fanciful factual allegation").  When determining whether to dismiss a

17   complaint as "frivolous" under 28 U.S.C. § 1915(e)(2)(B)(i), the Court has "'the unusual power to

18   pierce the veil of the complaint's factual allegations,'" meaning that the Court "is not bound, as it

19   usually is when making a determination based solely on the pleadings, to accept without question

20   the truth of the plaintiff's allegations."  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting

21   *Nietzke*, 490 U.S. at 327).

22                                   **b.   Analysis**

23           The Ninth Circuit has expressly held that frivolous litigation "is not limited to cases in

24   which a legal claim is entirely without merit . . . . [A] person with a measured legitimate claim may

25   cross the line into frivolous litigation by asserting facts that are grossly exaggerated or totally

26   false."  *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1060-61 (9th Cir. 2007).  For example,

27   in *Molski v. Evergreen Dynasty Corp.*, the plaintiff, who was disabled and confined to a

28

6

Case No.: 11-CV-01479-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, AND DENYING DEFENDANT'S MOTION TO
DECLARE PLAINTIFF A VEXATIOUS LITIGANT

**United States District Court**
For the Northern District of California

1    wheelchair, had alleged multiple similar injuries occurring on the same day in different

2    establishments as a result of various American Disabilities Act (ADA) violations. *Id.* at 1059. The

3    court concluded that the plaintiff "plainly lied," since "[c]ommon sense dictates that [the plaintiff]

4    would have figured out some way to avoid repetitive injury-causing activity." *See id.*

5         Here, the Court finds that Plaintiff has asserted grossly exaggerated, if not totally false,

6    facts. As previously discussed, Plaintiff seeks damages in the amount of $2.8 billion for damage to

7    appliances, computers, bank account thefts, loss of potential business income, loss of expected

8    sales, and loss of a $40 million business loan, among other injuries. *See* ECF No.1. As previously

9    discussed, however, Plaintiff alleges no facts supporting the plausibility of her claim for $2.8

10   billion in damages, the credibility of which is undermined by her application for *in forma pauperis*

11   status on the basis of her alleged poverty. *See* ECF No. 2. Moreover, Plaintiff filed a nearly

12   identical complaint against Defendant in Tennessee state court just two years ago based on the

13   same allegations, but there she sought less than $25,000 in damages. *See* ECF No. 44, Salceda

14   Decl. Ex. 1. The Court therefore finds Plaintiff's allegations of economic loss in the billions to be

15   grossly exaggerated, at best, and therefore frivolous. Accordingly, the Court GRANTS

16   Defendant's motion to dismiss with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

17        **B. Motion to Declare Plaintiff a Vexatious Litigant and to Issue a Pre-filing Order**

18        Defendant moves to declare Plaintiff a "vexatious litigant" and requests that the Court issue

19   a pre-filing order directing the Clerk not to accept further filings from Plaintiff without written

20   authorization from a Judge of the Court. *See* Def.'s Mot. to Declare Plaintiff a Vexatious Litigant;

21   Memorandum of Points and Authorities in Support Thereof ("Def.'s Mot. to Declare"), ECF No.

22   43. For the following reasons, Defendant's motion is DENIED.

23                              **1. Legal Standard**

24        "[T]here is a strong precedent establishing the inherent power of federal courts to regulate

25   the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate

26   circumstances." *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990) (citation omitted). It

27   is well established that the All Writs Act, 28 U.S.C. § 1651(a), provides courts with the inherent

28

Case No.: 11-CV-01479-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, AND DENYING DEFENDANT'S MOTION TO
DECLARE PLAINTIFF A VEXATIOUS LITIGANT

**United States District Court**
For the Northern District of California

1   power to enter pre-filing orders restricting future filings by vexatious litigants.[2]  *Molski*, 500 F.3d

2   at 1061 (citing *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999)).  However,

3   "[c]ourts should not enter pre-filing orders with undue haste because such sanctions can tread on a

4   litigant's due process right of access to the courts."  *Id.* at 1057.  Indeed, the Ninth Circuit has

5   cautioned that "such pre-filing orders are an *extreme remedy* that should *rarely be used*," *id.* (citing

6   *De Long*, 912 F.2d at 1147) (emphasis added), particularly when the plaintiff is pro se.  *See*

7   *Pavilonis v. King*, 626 F.2d 1075, 1079 (1st Cir.) ("The use of such measures against a pro se

8   plaintiff should be approached with particular caution."), *cert. denied*, 449 U.S. 829 (1980); *cf. De*

9   *Long*, 912 F.2d at 1147 (citing approvingly *Pavilonis*, 626 F.2d at 1079 and vacating a district

10  court's order that enjoined an *in forma pauperis* litigant from further filings).

### 2. Analysis

12  The Ninth Circuit has identified four factors for district courts to consider before entering

13  pre-filing orders "to maintain this delicate balance between broad court access and prevention of

14  court abuse."  *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990).  The first two factors are

15  procedural in nature: (1) the litigant must be granted due process, i.e., "notice and an opportunity to

16  be heard," before the order is entered, and (2) the court must compile an "adequate record for

17  review," which includes a listing of "all the cases and motions that led the district court to conclude

18  that a vexatious litigant order was needed."  *De Long*, 912 F.2d at 1147 (citations omitted).  The

19  latter two factors are substantive: (3) the district court must make "substantive findings" about the

20  frivolous or harassing nature of the plaintiff's litigation, and (4) the vexatious litigant order must be

21  "narrowly tailored to closely fit the specific vice encountered."  *Id*. at 1148; *see also Molski*, 500

22  F.3d at 1061.

### a.  Notice and Opportunity to be Heard

24  The first factor is easily satisfied here.  Defendant's August 29, 2011 motion (ECF No. 43)

25  put Plaintiff on notice that the Court may declare her vexatious or impose a pre-filing injunction

26

27  ---
[2] When a district court encounters vexatious litigation, it is under no obligation to issue a pre-filing order.  *Molski*, 500 F.3d at 1065 n.8.  Rather, the district court "may exercise its sound discretion under the facts presented to choose any appropriate sanction."  *Id*.

28

8

Case No.: 11-CV-01479-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, AND DENYING DEFENDANT'S MOTION TO
DECLARE PLAINTIFF A VEXATIOUS LITIGANT

United States District Court
For the Northern District of California

1    against her.  Pursuant to Civil Local Rule 7-3(a), Plaintiff's opposition was due on September 15,

2    2011, but Plaintiff failed to file an opposition or statement of nonopposition.  The Court also held a

3    hearing on this motion, as well as on Defendant's motion to dismiss, on November 8, 2011, at

4    which Plaintiff failed to appear.  Where a plaintiff had the opportunity, both in writing and at a

5    hearing, to oppose a motion to have a pre-filing order issued against her, due process requirements

6    are satisfied.  *De Long*, 912 F.2d at 1059 (citing *Pac. Harbor Capital, Inc. v. Carnival Air Lines,*

7    *Inc*., 210 F.3d 1112, 1118 (9th Cir. 2000)).  The Court therefore finds that the first *De Long* factor

8    is satisfied.

9                                **b.  Adequate Record of Frivolous Findings**

10          The second *De Long* factor requires that the district court create an "adequate record for

11   review," which means a "listing of all the cases and motions that led the district court to conclude

12   that a vexatious litigant order was needed."  *Molski*, 500 F.3d at 1059 (citing *De Long*, 912 F.2d at

13   1147).  "At the least, the record needs to show, in some manner, that the litigant's activities were

14   *numerous or abusive*."  *De Long*, 912 F.2d at 1148 (emphasis added).  In *De Long*, the Ninth

15   Circuit noted that the "numerous or abusive" standard was met in one case where "50 frivolous

16   cases" were filed, and in another where "600 complaints" were filed.  *See id.*

17          In the instant case, Defendant alleges that Plaintiff has a "long history of filing frivolous

18   claims," and has provided the Court with a list of seventy-four federal lawsuits filed by Plaintiff

19   over the past fifteen years.  *See* Def.'s Mot. to Declare at 3; Salceda Decl., Ex. 14.  However, "[a]n

20   injunction cannot issue merely upon a showing of litigiousness."  *Moy v. United States*, 906 F.2d

21   467, 470 (9th Cir. 1990); *accord Molski*, 500 F.3d at 1059.  Rather, the plaintiff's claims " must not

22   only be numerous, but also be patently without merit."  *Moy*, 906 F.2d at 470.

23          Defendant cites to a number of instances where Plaintiff has been sanctioned or issued a

24   pre-filing injunction against her for the filing of frivolous lawsuits, including:

25          • In September of 2000, the Federal District Court for the District of Columbia barred
26             Smith from filing complaints *in forma pauperis*, unless Smith faces imminent
              danger of serious physical danger.  *See* Ex. 13 at 3 n.6 (citing *Smith v. United States*,
27             "Memorandum & Dismissal Order," No. C00-2302 (D.D.C. Sept. 27, 2000)).

28

9

Case No.: 11-CV-01479-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, AND DENYING DEFENDANT'S MOTION TO
DECLARE PLAINTIFF A VEXATIOUS LITIGANT

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- On May 31, 2001, the District Court for the Northern District of Texas enjoined Smith from filing cases in that district without judicial permission.  *See* Ex. 13 at 3 n.7 (citing *Smith v. United States*, "Order of Dismissal & Order Imposing Sanction," No. C 01-0450 (N.D. Tex. May 30, 2011)).

- When Smith ignored the May 31, 2001 N.D. Texas Order by filing an additional complaint, the Northern District of Texas ordered a monetary sanction.  *See* Ex. 13 at 3 n.8 (citing *Smith v. Shadduck*, "Order Denying Motion for Leave, Imposing Additional Sanctions & Order of dismissal," No. C04-0242 (N.D. Tex. Apr. 16, 2004).

- In an order entered on January 24, 2007, the Western District of Tennessee revoked Plaintiff's ability to file any more actions in that district without payment of the full civil filing fee.  *Smith v. Dell, Inc.,* No. 06-2496 (W.D.Tenn. Jan. 24, 2007).  Those restrictions were imposed because Plaintiff had filed fifteen (15) civil actions in the district since 2003, most of which had been dismissed, *sua sponte,* for failure to state a claim or as frivolous.  The sanctions order did not address cases filed in state court and removed to federal court.

- On May 20, 2010, the Western District of Tennessee issued an order modifying the previous restrictions and imposing further restrictions applicable to removed cases. *Smith v. Federal Judges & Court Clerks, Memphis, TN,* No. C09-2772 (W.D. Tenn. May 20, 2010).

- On June 21, 2010, the Western District for Tennessee reaffirmed the sanctions imposed in the May 20, 2010 Order.  *Smith v. Breen*, No. C09-2770, 2010 WL 2557447, at *16 (W.D. Tenn. June 21, 2010) (citing *Smith v. Federal Judges & Court Clerks, Memphis, TN,* No. C09-2772 (W.D.Tenn. May 20, 2010)).

*See* ECF No. 43 at 3-4.

Although the Court recognizes a mounting record of frivolous findings against Plaintiff, the Court also finds that the vast majority of Plaintiff's earlier-filed actions alleged claims wholly unrelated to the products liability suit at issue here.[3]  *See* Salceda Decl., Ex. 14.  Only a dozen or so of Plaintiff's actions have been brought as products liability claims, all filed within the past year, and the Court is not aware that any of these products liability cases have thus far been dismissed

---

[3] Whether the frivolous actions in question arise from a similar set of facts is important for determining an adequate record insofar as this informs a court of the extent to which a pre-filing order may be narrowly tailored.  *See*, *e.g.*, *Moy*, 906 F.2d at 470-71 (striking as "overly broad" a district court's order that prevented the plaintiff from filing—not only "any other claim based upon the facts and issues involved" in the case under review—but which also "prevented [the plaintiff] from filing actions without leave of court based upon all other disputes in which he might be involved").

10

Case No.: 11-CV-01479-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, AND DENYING DEFENDANT'S MOTION TO
DECLARE PLAINTIFF A VEXATIOUS LITIGANT

1    for frivolousness.  Defendant cites to two recent cases in the Northern District of California, in

2    which Plaintiff filed nearly identical claims against other defendants.  *See Smith v. Visa U.S.A.,*

3    *Inc.*, No. C 11-01634, 2011 WL 2709819 at *1 (N.D. Cal. July 12, 2011) (Illston, J.); *Smith v.*

4    *Adaptec*, No. C11-01481 (July 25, 2011) (Armstrong, J.).  Judge Illston dismissed Plaintiff's

5    complaint against Visa *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a

6    claim on which relief can be granted, but granted leave to amend.  After Plaintiff failed to file an

7    amended complaint, Judge Illston dismissed the case with prejudice.  Because the defendant in that

8    case did not move to dismiss, the court had no occasion to consider whether Plaintiff's complaint

9    was frivolous or whether she was a "vexatious litigant."  Similarly, in *Smith v. Adaptec*, Judge

10   Armstrong issued an order to show cause why the case should not be dismissed for lack of subject

11   matter jurisdiction.  Upon Plaintiff's failure to respond, the court dismissed the action without

12   prejudice for failure to prosecute.  Again, the court did not consider whether Plaintiff's complaint

13   was frivolous or whether Smith was a vexatious litigant.

14          Just as the simple fact that a plaintiff has filed a large number of complaints is not by itself

15   a sufficient basis for finding a party to be a vexatious litigant, nor is the mere textual and factual

16   similarity of multiple complaints sufficient.  *Molski*, 500 F.3d at 1061.  Because neither of the two

17   cases filed in the Northern District of California even considered whether Plaintiff's actions were

18   frivolous or vexatious, let alone made any such findings, the Court is reluctant to count these cases

19   as part of a record of abusive litigation warranting a pre-filing order.  *See De Long*, 912 F.2d at

20   1148 (refusing to uphold a district court's order absent a substantive finding of frivolousness or

21   harassment).  The Court therefore does not find an adequate record indicating that Plaintiff's

22   "activities were [sufficiently] numerous or abusive" to warrant a pre-filing order at this time.  *De*

23   *Long*, 912 F.2d at 1148.

24                        **c.   Substantive Findings of Frivolousness or Harassment**

25          Absent "explicit substantive findings as to the frivolous or harassing nature of the plaintiff's

26   findings," a district court may not issue a pre-filing order.  *O'Loughlin*, 920 F.2d at 618.  As

27   previously discussed, the Court finds Plaintiff's current complaint frivolous because it alleges facts,

28

11

Case No.: 11-CV-01479-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, AND DENYING DEFENDANT'S MOTION TO
DECLARE PLAINTIFF A VEXATIOUS LITIGANT

United States District Court
For the Northern District of California

1    such as economic losses in the tens of millions of dollars, that are fanciful or clearly baseless.

2    However, this is the first court to make a substantive finding of the frivolousness of Plaintiff's

3    complaint based on a theory of strict products liability.  The Court does not find this single finding

4    of frivolousness sufficient justification for imposing the extreme remedy of a pre-filing order.

**d.  Narrowly Tailored Pre-Filing Restrictions**

6         Finally, even if the Court did find the record sufficient to declare Plaintiff a vexatious

7    litigant and to impose a pre-filing restriction, the Court finds that the restriction Defendant

8    proposes is not "narrowly tailored to closely fit the specific vice encountered." *De Long*, 912 F.2d

9    at 1148-49.  Defendant seeks a general pre-filing order restraining Plaintiff from being able to file

10   any complaints with the Clerk of the Court absent written authorization from a Judge of the Court,

11   regardless of whether those complaints are related in nature to the complaint at issue here.  Such a

12   broad pre-filing restriction is not narrowly tailored.  To the contrary, the Ninth Circuit has

13   repeatedly struck down as "overly broad" similar orders that are not sufficiently tailored to address

14   "the specific vice encountered." *See De Long*, 912 F.2d at 1148; *Moy*, 906 F.2d at 470-741;

15   *O'Loughlin*, 920 F.2d at 618 (reversing an order that enjoined plaintiff from filing any complaint *in*

16   *forma pauperis*).  As previously noted, although Plaintiff has brought twelve similar cases against

17   different defendants in the past year, thus far no other court has made a finding of frivolousness or

18   harassment in these cases.  To the extent this Court finds that Plaintiff's action against Defendant

19   Phoenix Technologies is frivolous, the Court dismisses this matter with prejudice, thus insulating

20   Defendant from the specific vice encountered.  The Court does not find any other remedy justified

21   by the record at this time.

22   **III.    CONCLUSION**

23        For all the foregoing reasons, the Court GRANTS Defendant's motion to dismiss with

24   prejudice, but DENIES Defendant's motion to declare Plaintiff a vexatious litigant.

25   **IT IS SO ORDERED.**

26   Dated: November 9, 2011                          *Lucy H. Koh*
                                                        _____
27                                                      LUCY H. KOH
                                                        United States District Judge
28
                                           12
Case No.: 11-CV-01479-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, AND DENYING DEFENDANT'S MOTION TO
DECLARE PLAINTIFF A VEXATIOUS LITIGANT

*United States District Court*
For the Northern District of California